## WILLIAM L. ROSEBOOM ET AL.
## v.
## CHARLES WHITTAKER ET AL.

*Insolvency—Judgment by Confession—Debts due Directors—Attach-*
*ments in Behalf of other Creditors—Priority.*

1. The directors of an insolvent corporation may not apply the assets thereof to the payment of debts due themselves to the exclusion of other creditors.

2. A judgment by confession can not be looked upon as a constructive assignment, until some creditor has sought to have it so declared.

3. Liens accruing before such step has been taken are not displaced by it.

[Opinion filed September 11, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

Messrs. SMITH & PENCE, for appellants.

Messrs. HAMLINE & SCOTT, BANGS & BANGS, FRANK A. MOORE, FRANK H. CLARK, and GEORGE M. HAYNES, for appellees.

GARY, J.  The appellants were three of four directors of the Charles Whittaker Manufacturing Company, which was insolvent.  They took up indebtedness of the company, for which they were sureties, and by resolution as directors elected one of themselves as treasurer, to issue to themselves the judgment note of the company for the amount of such indebtedness, and some others, unpaid, for which they were also sureties.

The treasurer obeyed, judgment was entered and execution put into the hands of the sheriff, who levied on all the property of the company liable to execution.  Before the bill in this case was filed, and while the property was in the posses-

sion of the sheriff, Childs & Co. and Everett & Post, who are appellees, sued out attachments against the company, put their writs into the hands of the sheriff, and levied them upon the same property. Then the property got into the hands of a receiver appointed by the Circuit Court in chancery in the suit in which the decree appealed from was made, wherein Whittaker, appellee, was complainant.

Why he fell out of the case is now of no consequence. After the property went into the hands of the receiver, judgments were entered in the attachment suits and several special executions issued thereon and put into the hands of the sheriff. The decree directs the payment in full of the judgments in the attachment suits, and the payment of all other debts of the company *pro rata*, so far as the assets will go. The appellants complain that their judgment, execution and levy were held to give them no priority, and that the judgments in the attachments were given a preference over the general indebtedness of the company, including their own, after they were denied priority.

As to their own claims of priority, it is sufficient to refer to Beach v. Miller, 130 Ill. 162, followed in this court in Adams v. Cross W. P. Co., 27 Ill. App. 313, as authority that the directors of an insolvent corporation may not apply the assets of the corporation in payment of debts to themselves, and exclude other creditors.

Their other complaint is based upon the decision of the Supreme Court of the United States in White v. Cotzhausen, 129 U. S. 329, and its supposed adoption by this court in Heuer v. Schaffner, 30 Ill. App. 337.

The case was cited by this court in connection with decisions of the Supreme Court of this State, in support of the principle first announced in this State as to unlawful preferences by an insolvent, in Preston v. Spaulding, 120 Ill. 208. If a judgment by confession by an insolvent—a judgment which takes all the assets—is to be held a constructive assignment, because it is in violation of the voluntary assignment act, it is such assignment only, at most, when some creditor has sought the aid of a court of chancery to have it so

declared. Liens accruing before any such step taken, are not displaced by it, and therefore those attachment liens were entitled to preference in the distribution of the assets. There is no error in the decree, and it is affirmed.

*Decree affirmed.*