WILLIAM L. ROSEBOOM *et al.*

*v.*

CHARLES WHITTAKER *et al.*

*Filed at Ottawa January 21, 1890.*

1. CORPORATIONS—*directors of corporation—having dealings with it.* As long as a private corporation for profit remains solvent, its directors may, with the knowledge of the stockholders, deal with the corporation, loan it money, take security or buy property of it, the same as a stranger. During its solvency the directors are the agents or trustees of the stockholders, and owe no duties or obligations to others; but the instant the corporation becomes insolvent, its assets become a trust fund for the payment of its creditors, and the directors can no longer deal with them for their own advantage, or in such way as to gain priority for themselves over other creditors.

2. A majority of the directors of a private corporation, with knowledge of its insolvency, paid off certain debts of the corporation, for which they were liable as guarantors, and took a judgment note of the

6—132 ILL.

| 132 | 81 |
| 135 | 666 |
| 132 | 81 |
| 139 | 549 |
| 132 | 81 |
| 149 | 28 |
| 152 | 613 |
| 154 | 53 |
| 154 | 367 |
| 132 | 81 |
| 159 | 364 |
| 132 | 81 |
| 158 | 426 |
| 47a | 59 |
| 132 | 81 |
| 53a | 333 |
| 53a | 366 |
| 58a | 273 |
| 58a | 337 |
| 132 | 81 |
| 60a | 437 |
| 132 | 81 |
| 166 | 288 |
| 68a | 484 |
| 132 | 81 |
| 169 | 645 |
| 132 | 81 |
| 78a | 564 |
| 132 | 81 |
| 99a | 4449 |

company therefor, due one day after date, without grace, under which judgment was confessed in favor of such directors, and all the property of the company was levied on by execution issued on that judgment. It was *held,* that the acts of the directors in attempting to secure themselves at the expense of other creditors were fraudulent and void, and were properly set aside at the instance of such other creditors.

3. Trustee—*making profit out of the trust fund.* A trustee, or a person standing in similar fiduciary relation, will not, in equity, be allowed to exercise his powers, or to manage or appropriate the property of which he has control, for his own profit or emolument,—or, as often expressed, shall not take advantage of his situation to obtain any personal benefit to himself at the expense of the *cestui que trust.*

4. Creditor's bill—*lien acquired—to the exclusion of others.* A creditor of an insolvent debtor may, by proceedings at law, or by attachment or execution, acquire a specific lien upon property, which will entitle him to a preference over other unsecured creditors, on a bill afterward filed. But after a court of equity has once acquired jurisdiction of the assets of a debtor, it will be exclusive, and ordinarily no creditor can pursue a legal remedy in such a way as to obtain for himself a preference.

5. Practice—*time to object—for want of parties.* The omission to make some creditors of an insolvent corporation parties to a creditor's bill, if a valid objection on the part of certain other creditors, must be made in the trial court. Such objection for the first time in this court is too late.

6. Appeal—*what questions to considered—of errors not assigned in the Appellate Court.* Assignments of error can not be made in this court embracing propositions not embraced in those made in the Appellate Court. On appeal from the Appellate Court the question is, whether that court decided correctly on the errors therein assigned.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. Horton, Judge, presiding.

Messrs. Smith & Pence, for the appellants:.

Directors of a corporation are not prevented from protecting themselves, as creditors of the company, by the same means that are open to others. A corporation may confess judgment in favor of its directors. Field on Corp. sec. 177; *Merrick* v. *Coal Co.* 61 Ill. 472; *Reichwald* v. *Hotel Co.* 106 id. 439; *Planters' Bank* v. *Whittle,* 78 Va. 737; *Buell* v. *Buck-*

*ingham,* 16 Iowa, 284; *Gordon* v. *Preston,* 1 Watts, 385; *Oil Co.* v. *Marbury,* 91 U. S. 587; *Whitewell* v. *Warner,* 20 Vt. 425; *Railroad Co.* v. *Claghorn,* 1 Spear's Eq. 545; *Ashurst's Appeal,* 60 Pa. St. 290.

If it be conceded that appellants are not entitled to priority of their judgment, then it follows that Childs & Co. and Everett & Post can not claim a priority by reason of their attachments. *Coons* v. *Tome,* 9 Fed. Rep. 534.

All the parties in interest were not brought into court, and the decree distributes the fund only to those before the court. A decree which does not provide for a distribution to all the creditors is erroneous. Story's Eq. Jur. secs. 157, 207, 216; *Bryant* v. *Russell,* 23 Pick. 523; *Wakeman* v. *Grover,* 4 Paige, 32; *Miller* v. *Davidson,* 3 Gilm. 518; *Derrick* v. *Insurance Co.* 74 Ill. 404; *Tunesma* v. *Schuttler,* 114 id. 156; 2 Perry on Trusts, sec. 594.

Messrs. Hamline & Scott, for the appellees:

Directors of a corporation which is insolvent can not apply the property of the company to the payment of a debt due from the company to themselves, to the exclusion of other creditors. Such preference, whether by deed or by judgment, is void. 2 Morawetz on Corp. sec. 787; *Richards* v. *Insurance Co.* 43 N. H. 263; *Adams* v. *Milling Co.* 35 Fed. Rep. 433; *Haywood* v. *Lumber Co.* 64 Wis. 639; *Bradley* v. *Farwell,* 1 Holmes, 433; *Hopkins and Johnson's Appeal,* 90 Pa. St. 69; *Koehler* v. *Black River Falls Co.* 2 Black, 720; *Jackson* v. *Ludeling,* 88 U. S. 616; *Lippincott* v. *Carriage Co.* 25 Fed. Rep. 589; *Corbett* v. *Woodward,* 5 Sawy. 403; *Railroad Co.* v. *Kelly,* 77 Ill. 426; *Lamb* v. *Laughlin,* 25 W. Va. 300; *Railroad Co.* v. *Bee,* 48 Cal. 398; *Drury* v. *Cross,* 7 Wall. 299; *Jones* v. *Arkansas Co.* 38 Ark. 17; *Coons* v. *Tome,* 9 Fed. Rep. 535; *Marr* v. *Bank,* 4 Cold. 471.

Being void, such judgment can be assailed and treated as of no force by any person injured thereby, in so far as it affects

such person's interest. *Moses* v. *McDevitt*, 88 N. Y. 62; *Martin* v. *Judd*, 60 Ill. 78; *Remer* v. *Mackay*, 35 Fed. Rep. 86; *Thompson's Appeal*, 57 Pa. St. 178; *Dougherty's Estate*, 9 W. & S. 189; *Van Winkle* v. *Smith*, 26 Miss. 491; *Barr* v. *Deniston*, 19 N. H. 170; *Frazier* v. *Frazier*, 9 Johns. 80; *Railroad Co.* v. *Railroad Co.* 11 Daly, 443; *Webster* v. *Reid*, 11 How. 437; *Earl of Bandon* v. *Becker*, 3 C. & F. 479; *Gaines* v. *Relf*, 12 How. 472.

Objections to the want of proper parties should have been made in the lower court by plea, demurrer or answer. *Allen* v. *Woodruff*, 96 Ill. 25; *Deniston* v. *Hoagland*, 67 id. 267; *Joseph* v. *Walderman*, 3 Scam. 137; Barbour on Parties, 451.

Mr. Justice Bailey delivered the opinion of the Court:

On or about the 15th day of January, 1886, the Charles Whittaker Manufacturing Company was organized as a corporation under the laws of this State, with a capital stock of $100,000, for the purpose of manufacturing and dealing in certain classes of merchandize. Said corporation continued in business until November 3, 1887, it having then become insolvent, and having been insolvent for a considerable time prior thereto. Its board of directors consisted of four members, viz., William L. Roseboom, Albert D. Ferry, Frank Scales and Charles Whittaker, and the insolvency of said corporation was well known to the members of said board at and before the date last mentioned. At that date, Roseboom, Ferry and Scales were liable as guarantors upon various promissory notes of the corporation, none of which were then due, to the amount of $23,591.57. For the purpose of securing themselves and obtaining a preference over the other creditors of the corporation, they took up all of said notes, with the exception of one for $1091.57 which they assumed and agreed to pay, substituting their own notes in place of the notes so taken up, and thereupon, at a meeting of said

board of directors which they attended and in which they took part, a resolution was passed, directing the execution to said Roseboom, Ferry and Scales, by the corporation, of its judgment note for said sum of $23,591.57, due one day after date, without grace, and authorizing and directing the treasurer of the corporation to execute such note in its name and on its behalf. In pursuance of this resolution, said Frank Scales, then being treasurer of the corporation, on said 3d day of November, 1887, executed and delivered to Roseboom, Ferry and Scales the judgment note therein provided for, and on the following day, Roseboom, Ferry and Scales caused a judgment to be entered up by confession in their favor for the amount of said note, and caused an execution to be issued thereon and delivered to the sheriff, by virtue of which the sheriff levied upon all the property, real and personal, of said corporation, liable to execution.

On the 5th day of November, 1887, Childs & Co. and Everett & Post, both creditors of said corporation, commenced suits by attachment against said corporation in the Superior Court of Cook county for the collection of their respective debts, and caused their writs of attachment to be placed in the hands of said sheriff, who levied the same upon the property of said corporation, subject to the lien of the Roseboom, Ferry and Scales execution. Such proceedings were had in said attachment suits, that on the 7th day of December, 1887, a judgment for $275.25 and costs was rendered in favor of Childs & Co. and December 9, 1887, a judgment was also rendered in favor of Everett & Post in their suit for $586.25 and costs, and in case of both judgments, executions for the sale of the property attached were forthwith issued and delivered to said sheriff.

On the 9th day of November, 1887, Charles Whittaker and Mary Whittaker, two of the stockholders of said corporation, filed the original bill in this case, praying that said judgment in favor of Roseboom, Ferry and Scales be set aside and

vacated as fraudulent, and for an injunction restraining further proceedings upon the execution issued thereon, and for the appointment of a receiver of the property and effects of said corporation. Such proceedings were had in the matter of said bill, that on the 22d day of November, 1887, the sheriff, by agreement of the parties, turned over to the receiver all the property levied upon by him, preserving to all parties the rights and liens acquired under and by virtue of said execution in favor of Roseboom, Ferry and Scales, and said two attachment writs.

A suit was brought against said corporation December 27, 1887, by Maxwell & Dempsey, in the County Court of Cook county, which resulted, January 9, 1888, in a judgment in their favor for $290.20 and costs. Also, on the 4th day of January, 1888, Everett & Post brought a suit against said corporation in the Superior Court of Cook county, which resulted, February 8, 1888, in a judgment in their favor for $339.31 and costs. Upon both of these judgments executions were issued.

Afterwards, on their own application, Childs & Co., Everett & Post, Maxwell & Dempsey, Ronalds & Co., simple contract creditors to whom said corporation was indebted in the sum of $2274.43, and Warner & Swanzey, also simple contract creditors to whom said corporation was indebted in the sum of $1181.25, were made parties defendant to the bill, and thereupon said creditors respectively filed their cross-bills, alleging the invalidity of the judgment in favor of Roseboom, Ferry & Scales, and praying that said judgment and the execution issued thereon be held to be fraudulent and void, and that Roseboom, Ferry and Scales be postponed to their claims. Childs & Co. and Everett & Post, by their cross-bills, claimed priority by virtue of their attachment proceedings.

The cause being heard on pleadings and proofs, a decree was rendered finding that Roseboom, Ferry and Scales, in obtaining said judgment note, entering up said judgment and levying their execution, acted fraudulently, and to the injury

of the complainants in the cross-bills, and that said confession of judgment was and ought to be declared to be fraudulent and void as against said complainants. It was thereupon ordered and decreed that said judgment be vacated and set aside, and that the receiver, after deducting his reasonable costs and expenses, pay out of the proceeds of the property in his hands, first, said judgments in said attachment suits, and, secondly, that the residue of said proceeds, so far as the same would extend, be paid upon the second judgment recovered by Everett & Post, the judgment in favor of Maxwell & Dempsey, and the said claims in favor of Roseboom, Ferry and Scales, Warner & Swanzey and Ronalds & Co. It was further ordered that said Roseboom, Ferry & Scales pay the costs of the suit, and that the complainants in the original bill take nothing by their bill. This decree was taken by Roseboom, Ferry and Scales by appeal to the Appellate Court where it was affirmed, and by a further appeal they now bring the judgment of that court to this for review.

There can be no doubt of the propriety of so much of the decree as declares the judgment by confession to be fraudulent and void as against the creditors of the corporation, and orders it to be vacated. This precise question was fully and elaborately discussed by this court in *Beach* v. *Miller*, 130 Ill. 162, and the rule there laid down must be held to control the present case. We there held that, so long as a corporation remains solvent, its directors may, with the knowledge of the stockholders, deal with the corporation, loan it money, take security or buy property of it, the same as a stranger; that during the solvency of the corporation the directors are the agents or trustees of the stockholders, and owe no duties or obligations to others, but that the instant the corporation becomes insolvent, their relations and duties become materially changed. The assets of the corporation then become a trust fund for the payment of its creditors, and the directors can no longer deal with them for their own advantage, or in

such way as to gain priority for themselves over other creditors. They are then within the scope of that wise and equitable rule adopted by courts of equity for the protection of *cestuis que trustent* or beneficiaries, which prohibits trustees and persons standing in similar fiduciary relations, to exercise their powers or manage or appropriate the property of which they have control for their own profit or emolument, or, as it is sometimes expressed, shall not take advantage of their situation to obtain any personal benefit to themselves at the expense of the *cestui que trust.*

That the appellants come within the prohibition of this rule is beyond controversy. They constituted three-fourths of the board of directors, and therefore had, practically, the absolute control of the corporation and its entire corporate action. They were perfectly well aware that the corporation was insolvent and wholly unable to meet its obligations. With this knowledge, and, as is perfectly obvious from the evidence and as the appellants in fact admit, with the intention of obtaining for themselves a preference to the exclusion of all the other creditors, they, by their own votes, passed a resolution providing for the execution to themselves of said judgment note, and one of their number, being treasurer, carried out the resolution by executing and delivering said note. They then caused judgment to be immediately entered, and an execution thereon to be issued and levied upon all the tangible property of the corporation. It would be difficult to find a case more imperatively calling for an application of the rule above stated than this.

Appellants insist that, if the corporate assets became a trust fund for the payment of the corporate debts the instant the corporation became insolvent, said assets became a trust fund for the payment of *all* the debts *pro rata,* and that the decree therefore is erroneous in giving the judgments in the attachment suits a preference over the claims of other creditors. The attachment suits were commenced and the attachment

writs levied before the filing of the original bill, and before the jurisdiction of a court of equity was invoked for the purpose of taking into its hands the corporate assets and administering them upon equitable principles. The mere insolvency of a corporation can not have the effect of depriving creditors of their legal remedies, but they are at liberty, notwithstanding the insolvency, to sue the corporation in an action at law, and by means of such proceeding, establish a specific lien upon the property seized by attachment or execution. Such lien, when perfected, will doubtless entitle the creditor acquiring it, to a preference over other unsecured creditors. After the aid of a court of equity has been invoked and that court has taken the assets of the insolvent into its hands, its jurisdiction becomes necessarily exclusive, and it will proceed, in administering the insolvent estate, upon the maxim that equality is equity. After that jurisdiction has attached, ordinarily, no creditor can pursue a legal remedy, at least, in such way as to obtain for himself a preference. But the court of equity is bound to respect legal rights and preferences already acquired, and to make distribution accordingly.

It is also insisted that the decree must be reversed for want of necessary parties. The decree awards distribution of the assets of the insolvent corporation, after paying the judgments in the attachment suits, among certain specified creditors. It is now claimed that there are other creditors also entitled to share in the distribution, and that the decree is erroneous in not providing for the ascertainment and protection of their rights.

Whether there are in fact other creditors does not clearly appear. A list of persons supposed to be creditors was filed in the Circuit Court, which included a large number of names of persons to whom no distribution is awarded. It appears that the receiver was directed by the court to notify the persons whose names appeared on said list to appear and prove their claims, but whether such notice was given is not shown.

None appeared however except those mentioned in the decree, and none of them are now before this court questioning the propriety of the distribution made.

It is difficult to see how the appellants, who are a part of the creditors among whom the fund is to be distributed, can complain of the failure of the court to bring in other creditors to share with them in the fund and thus reduce the amount of their dividend. They suggest that creditors not made parties, if such there are, may hereafter interpose and compel the appellants to refund their ratable proportion of the dividend to which such creditors would have been entitled if they had appeared and proved their claims. It may well be doubted whether such possibility would constitute an objection to the decree which appellants could have raised even if it had been made in apt time.

But so far as the record shows, no objection was interposed by the appellants in the Circuit Court that the necessary parties were not all before that court. In the Appellate Court that question was not even suggested by any assignment of error. In the errors assigned here, it is objected, for the first time, that the Circuit Court ordered the distribution to be made to the parties before that court, and not to all the creditors of the corporation. We are of the opinion that the objection, being made here for the first time, comes too late.

Ordinarily an objection of this character must be made in the Circuit Court, it being too late to raise it on appeal. But the rule manifestly is much stronger where it is raised for the first time in this court on appeal from a judgment of the Appellate Court. On such appeal, the question presented for our consideration is, whether the Appellate Court, in adjudicating upon the errors there assigned, reached a correct judgment. Assignments of error can not be made here embracing propositions not embraced in those made in that court. If the rule were otherwise, this court might, in effect, assume jurisdiction, *quoad hoc*, of an appeal directly from the

Circuit Court. We can pronounce a judgment of the Appellate Court erroneous only when we are of the opinion that that court decided incorrectly upon the errors there assigned. As the want of proper parties therefore was not assigned for error in the Appellate Court, we know of no mode in which it can be raised upon appeal from the judgment of that court.

We find no error in the record, and the judgment will therefore be affirmed.

*Judgment affirmed.*