## MIKELS v COWIE CUT STONE CO et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10302. Decided Nov. 18, 1929

Efros & Efros, Cleveland, for Mikels.
C. A. Chapman and A. R. Johnson, both of Cleveland, for Stone Co, et.

**SULLIVAN, J.**

It will be noted that the section of the General Code merely provides a way in which a corporation may wind up its affairs, and the question of the solvency or insolvency in this section is not taken into consideration, and this bears upon the question as to whether there was any statutory effect upon the assets of the corporation which precluded any disbursement of them as against a judgment in garnishment procured by statutory procedure, and it will be noted from the finding of the court quoted, that The Cleveland Stone Company had, upon the date of the pronouncement of the judgment, in its possession and under its control the sum of $880.00 due the defendant, The Cowie Cut Stone Company, as a balance of the purchase price of $2500.00 which was the consideration for the physical assets of The Cowie Cut Stone Company, and the plaintiff's claim total some $235.00 with interest and costs.

Thus there is, as against the statute which apparently was the basis for the judgment of the court below in favor of the defendant, this finding of the court as against the effect of the statute which provides merely for the liquidating of the business of the corporation for the purpose merely of winding up its affairs, without the question of solvency or insolvency having any effect in concentrating the assets of the corporation and confining the same alone for distribution and disbursements to the general creditors.

This judgment in garnishment was secured by a default in answer and subsequently the defendant came into court and set up the liquidation noted under the statute and urges that this proceeding prohibited any preference by way of attachment or garnishment under the provisions of the statute in such cases made and provided.

Under **11772 GC.** garnishees in aid of execution are liable to the judgment creditor for all monies, property and credits in their possession or under their control belonging to the judgment debtor from the time of the service of the order upon them. We do not find anything in the statute relating to liquidation that would deprive a creditor of his judgment and its collection under this section of the GC. There is nothing in the statute of liquidation for the purpose of winding up the affairs of the corporation, that distinguishes the assets from any other property belonging to the corporation, that would be subject to attachment and garnishment proceedings. The liquidation does not create any lien and there is no prohibition which makes the fund sacred and immune as against the statutory provisions relating to attachment and garnishment in behalf of a judgment creditor.

The judgment in the instant case on default of answer, was rendered regardless of any issue as to solvency or insolvency or any other defense that would surround the assets with an impassible barrier as against the statutes relating to garnishment. Even though the question of insolvency of the corporation had been an issue in the trial of the case at the time of the default of answer, yet there is nothing in the statute relating to liquidation that would have the effect of depriving creditors of their legal remedies because that being so these creditors would be at liberty, even in the face of insolvency of the corporation, to sue the corporation in an action at law and by such procedure establish a specific lien upon the property, the subject of which was the attachment.

That lien is of such a nature that it entitles the creditor, acquiring it, to a preference over other unsecured creditors, in our judgment, under the authority of 132 Ill. 82, 23 N. E. 339, as well as other cases of like nature.

Under that holding the court takes the assets of the insolvent into its hands and its jurisdiction becomes exclusive and it will proceed in administering the estate upon the maxim that "equality is equity." After the jurisdiction has attached, no creditor can pursue a legal remedy in such a way as to obtain a preference. However, under such circumstances the court of equity is bound to respect legal rights already acquired as in the instant case where there is a judgment in garnishment unassaulted, unappealed from and unquestioned.

In the instant case the "trust fund doctrine" has no application because the court of equity has not been invoked and therefore the conclusions of law of the court below are in our judgment, erroneous. The only defense in the instant case is the liquidation under the statute for the purpose of winding up the affairs of the judgment debtor. There is no claim that any legal proceedings were instituted whereby the jurisdiction of a court of equity came into exercise. There was no attachment of insolvency by any court, for any reason and there was no petition or discharge in bankruptcy and no other action that involved the jurisdiction of the Federal Court.

We think that under the circumstances of the case, taking into consideration the entire record, that the judgment is contrary to law and the evidence, for the reasons herein given, and this judgment is reversed and from the ultimate facts appearing in the record final judgment for plaintiff in error is hereby given and an entry may be made accordingly.

Vickery, PJ., and Levine, J., concur.