GENE C. O'CONNELL *et al.*, Plaintiffs-Appellees, v. PHARMACO, INC., *et al.*, Defendants (Roger R. Larson, Defendant-Appellant).

Fourth District    No. 4—85—0605

Opinion filed June 3, 1986.—Rehearing denied July 3, 1986.

Greaves, Lerner & Kirchner, of Champaign, for appellant.

Joseph W. Phebus and James D. Cottrell, both of Phebus, Tummelson, Bryan & Knox, of Urbana, and J. Michael West, of Monticello, for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Roger R. Larson appeals from a judgment entered against him in his personal capacity in a citation proceeding originated by the plaintiffs against the defendant Pharmaco, Inc. On appeal, Larson contends (1) that the trial court lacked both subject matter and personal jurisdiction over him, (2) that there was no evidence to support the trial court's conclusion that defendant held any assets of the judgment debtor, (3) that the judgment must be reversed because all necessary parties have not been joined, and (4) that the trial

court erred in the calculation of interest due on the judgment.

The record before us reflects a lengthy chronology of events. On March 15, 1979, a default judgment was entered in favor of plaintiffs and against defendant Pharmaco, Inc., on plaintiffs' complaint for forcible entry and detainer. Damages were awarded in the amount of $34,384. Supplementary proceedings were begun by the plaintiffs in 1983, by service of a citation upon "PHARMACO, INC., c/o Roger Larson-Corporate Officer." Roger Larson initially appeared by counsel on November 21, 1983, and requested a continuance because of his ill health. The continuance was granted and Larson again appeared *pro se* at the rescheduled hearing on December 7, 1983. The court ordered that the citation be heard in the presence of a court reporter as by deposition and that Larson produce documents at such deposition pursuant to notice.

On January 5, 1984, a hearing was held. Larson appeared *pro se* and orally moved to quash the citation on the ground that some of the plaintiffs were former directors of the defendant corporation and had the opportunity to examine the records of the corporation without his having to produce them. The motion was denied. A second oral motion to quash the citation based on a stipulation to dismiss a Federal lawsuit was also denied.

A citation by deposition was subsequently taken. After a hiatus of over one year, on January 24, 1985, a hearing was held on plaintiffs' motion to supplement evidence. Larson again appeared, *pro se.*

At the January 24, 1985, hearing Larson testified on examination by counsel for the plaintiffs that he had been chairman of the board and chief executive officer of the now dissolved Pharmaco Corporation. Larson claimed that Pharmaco became insolvent December 31, 1978, three months prior to the entry of the default judgment against it. Larson acknowledged, however, that in May of 1982, a Federal patent infringement lawsuit filed by Pharmaco against various defendants was settled in Pharmaco's favor for $600,000. Although Larson maintained that the money obtained from this settlement was deposited for Pharmaco's benefit, he acknowledged receipt of $580,000 of the settlement. The remaining $20,000 had been retained by a bank in settlement of a corporate debt.

As to his entitlement to those funds, Larson further testified that pursuant to an agreement with Pharmaco, ratified by the board of directors, he was to receive half of any settlement of the patent infringement suit contingent upon his paying attorney fees in that lawsuit. Plaintiffs stipulated that such a contract existed.

With regard to the remaining $280,000, Larson maintained that

he had been awarded a default judgment against Pharmaco in the amount of $218,000 plus interest and that subsequent to this 1982 judgment Larson took an assignment from Pharmaco of the remaining proceeds from the settlement in satisfaction. Larson acknowledged drafting the assignment but claimed the board of directors of Pharmaco subsequently ratified his actions.

Upon this testimony plaintiffs maintained that Larson had in his control $280,000 in assets which were rightfully those of Pharmaco. Plaintiffs then asked that the court order Larson to account for the funds received from the corporation. Larson objected contending that the board had ratified the assignment of proceeds. When asked by the trial court whether these actions were recorded by the board, Larson responded, "I don't have them. This was a citation to discover assets. It isn't a lawsuit. I'm not on trial, Pharmaco is."

The trial court then ordered Larson to destroy no records of the defendant corporation without permission of the court and further ordered him to preserve them in their present condition. Larson was also required to account for all sums received from Pharmaco. The cause was continued to February 21, the date Larson was ordered to file the accounting. Larson continued to protest that the citation proceeding was not a "bona fide" lawsuit and, in any event, was against Pharmaco, not him.

On February 21, 1985, a subsequent hearing was held. Larson appeared by counsel and filed a written motion to quash service or to dismiss with prejudice. Attached to the motion was a copy of a citation issued by the clerk of the circuit court of Champaign County on December 18, 1984, and addressed to: "Pharmaco, Inc. c/o ROGER LARSON-Registered Agent & Corp. Officer." Plaintiffs, the day earlier, had filed a motion for leave to file a creditor's bill naming, as additional parties to the citation proceeding, Larson and his wife. The court continued these motions and a subsequent hearing was held on April 1, 1985, on defendant's motion to quash or dismiss. No transcript of any proceedings on that day appears of record on appeal. The parties were directed, and both filed, written memoranda directed to the motion to quash or dismiss. On June 4, 1985, at a subsequent hearing, defendant's motion to quash or dismiss was denied. No transcript of any proceedings occurring on that day appears of record.

We are thus required to glean the basis for the motion to quash and dismiss solely from the motion, supporting affidavit and memorandum filed by Larson. In substance, Larson argued that the original summons issued in the forcible entry and detainer action was a summons commonly employed in a "small claims" action and, that be-

cause of this defect, if a valid underlying judgment to the citation proceedings existed, the amount of the judgment was limited to $1,000, the small claims award limitation in effect in 1979. (See 87 Ill. 2d R. 281.) Alternatively, Larson maintained that at the time of the default he may not have been the registered agent of Pharmaco. As we have indicated, the trial court denied this motion. In addition to plaintiffs' motion to add additional parties, plaintiffs petitioned for issuance of an injunction pursuant to sections 2—1402(d)(1) and (2) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, pars. 2—1402(d)(1), (2)). Plaintiffs also filed a motion for judgment against Larson in an amount sufficient to cover the judgment and interest accrued from 1979. Finally, plaintiffs filed a petition for rule to show cause against Larson based on his failure to provide the accounting previously ordered.

The trial court denied plaintiffs' motion for leave to add additional parties as well as the petition for issuance of an injunction. The petition for rule to show cause and apparently the motion for judgment or other relief were continued.

At a subsequent hearing on June 13, 1985, Larson appeared, *pro se*. Plaintiffs filed additional motions requesting that Larson turn over certain money obtained by him from Pharmaco and a request for additional information from Larson. The request for additional information was allowed and the request to turn over money was reserved. On July 30, 1985, the parties again appeared for hearing. Counsel for Larson made an oral motion to withdraw, which the court allowed. Larson then filed a *pro se* memorandum in response to plaintiffs' claims that Larson improperly obtained Pharmaco funds.

A hearing on all pending notions was held August 6, 1985. Larson again appeared, *pro se*. At the conclusion of the hearing he was ordered to pay the judgment plus costs and interest within 30 days unless the amount of costs and interest was in dispute. The parties thereafter appeared on August 29, 1985, and Larson filed a *pro se* motion to alter or amend the judgment. Larson also filed a motion for stay of the citation proceeding which was denied. Larson voiced no objection to the statement of interest submitted by plaintiffs and Larson's motion to alter or amend the judgment was thereafter denied. An oral motion by Larson for change of venue was made, but the court directed him to place this motion in writing. On August 30, 1985, Larson filed notice of appeal and a second motion to stay the citation proceeding pending appeal. The trial court thereafter allowed the motion for stay of the money judgment entered upon execution of a bond.

■■ On appeal, Larson initially contends that the trial court lacked subject matter jurisdiction over him because the record fails to disclose that the citation summons was ever served upon him in his personal capacity. Hence, Larson reasons that the trial court could not enter a personal judgment against him and that the judgment is void. We disagree. Subject mater jurisdiction derives from the constitution and is the power of the court to hear and determine causes of the general class to which this case belongs. (Ill. Const. 1970, art. VI, sec. 9.) Section 2—1402 of the Code of Civil Procedure allows a judgment creditor to initiate supplementary proceedings for the purpose of examining the judgment debtor or any other person to discover assets or income of the debtor. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402(a).) When assets are discovered, the court may, by appropriate order, compel any person cited other than the judgment debtor to deliver up the assets to satisfy the judgment or enter any order or judgment against the person cited that could be entered in a garnishment proceeding. (Ill. Rev. Stat. 1983, ch. 110, pars. 2—1402(b)(3), (4).) A supplementary proceeding is commenced by service of a citation on the party against whom it is brought. (87 Ill. 2d R. 277(b).) If it appears that any property discovered is claimed by any person other than the judgment debtor, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his right. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402(e).) Any interested party may subpoena witnesses and adduce evidence as upon the trial of any civil action. 87 Ill. 2d R. 277(e).

Here, it is without question that the citation was properly filed and served upon Pharmaco through its corporate officer. The trial court clearly had subject matter jurisdiction over the citation proceeding irrespective of any alleged failure to serve defendant in his personal capacity. Defendant's argument that subject matter jurisdiction did not obtain is without merit since the provisions of the Code of Civil Procedure governing supplementary proceedings clearly contemplate the possible addition of other parties after commencement of the proceedings. Unlike the issue of jurisdiction over the person, subject matter jurisdiction is not subject to division or apportionment. It either exists or it does not. Defendant's argument would require us to conclude that a trial court lacks subject matter jurisdiction in a citation proceeding unless and until all possible parties holding assets of the judgment debtor are properly joined; even though their existence might not be known at the initiation of supplementary proceedings. That this conclusion cannot be countenanced is obvious. If the trial court lacks subject matter jurisdiction as against one defendant who

has not been joined, it would necessarily lack subject matter jurisdiction even as against those who had been properly served with a citation summons.

██ Defendant also asserts that the court lacked personal jurisdiction over him because no summons was ever issued to defendant in his personal capacity. Therefore, defendant reasons the entry of a personal judgment against him was void. Although defendant in the trial court complained variously that the proceeding was not a lawsuit against him, defendant never formally objected to the jurisdiction of the trial court over him personally. By his participation in the trial proceedings and numerous requests for relief from the trial court, we conclude defendant acknowledged the authority of the trial court to act and entered a general appearance, thereby waiving any possible defect in service of the citation. (*Cf. Page v. Hibbard* (1986), 142 Ill. App. 3d 788.) Generally, service of summons upon a defendant is essential to create jurisdiction of the court. However, a defendant may waive the service of process and confer jurisdiction over his person upon the court. This may be done where a defendant fails to limit his appearance before the court to the narrow issue of service of process and instead at the same time seeks further relief from the court. (*Community Bank & Trust Co. v. Pavlich* (1980), 84 Ill. App. 3d 1080, 1082, 406 N.E.2d 164.) Our review of the record conclusively demonstrates that defendant was aware that plaintiffs were attempting to secure a personal judgment against defendant for monies he retained out of the settlement of the Pharmaco patent infringement suit. At no time did defendant enter a limited appearance to challenge the jurisdiction of the court on the ground that he had not been served in his personal capacity. Moreover, once his motion to quash on grounds unrelated to personal jurisdiction was denied, defendant abandoned that position and at various times requested further relief and participated actively in the lawsuit opposing, on the merits, plaintiffs' attempts to secure an accounting for the funds in his possession. *Cf. Craven v. Craven* (1950), 407 Ill. 252, 95 N.E.2d 489.

██ Although we are somewhat at a loss to understand the court's refusal to permit plaintiffs to file their "creditor's bill" adding defendant as a party to the proceedings, we conclude that the defendant has failed to show any prejudice. The provisions of the Code of Civil Procedure regarding supplementary proceedings are to be liberally construed. (*Kauk v. Matthews* (1981), 100 Ill. App. 3d 107, 426 N.E.2d 552.) These procedures contemplate that any third party claiming an interest in the subject property must be given a full opportunity to present and maintain his claim. (*Garvey v. Parrish* (1980), 84 Ill. App.

3d 578, 405 N.E.2d 1105.) Here, defendant clearly had notice of the proceedings and had the ability and took the opportunity to appear and defend. Substantive due process requires only actual notice, that is, reasonable assurance that notice was actually given to the party (*Manley Motor Sales Co. v. Kennedy* (1981), 95 Ill. App. 3d 199, 419 N.E.2d 947), and that a party has been afforded an opportunity to be heard (*Seno v. Franke* (1960), 20 Ill. 2d 70, 169 N.E.2d 335).

■ Alternatively, defendant contends that personal jurisdiction was lacking because he was never formally made a defendant before judgment was entered against him. Neither section 2—1402 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402) nor Supreme Court Rule 277 (87 Ill. 2d R. 277) require that a third party be formally made a defendant or a pleading be directed specifically against a third party. In *National Bank v. Newberg* (1972), 7 Ill. App. 3d 859, 289 N.E.2d 197, an attorney for the judgment debtor contended that he was not personally bound by actions taken in the supplementary proceedings because he was never named as a party. The court disagreed reasoning that although the attorney was not made a formal party, his interest in the debt was adjudicated and he conducted and directed the defense of the judgment debtor. Under such circumstances the attorney was held to be a party though not formally named as such.

Thus, we conclude that although defendant was not formally named as a party or served with a citation in his personal capacity he nevertheless had notice of the proceedings, failed to limit his appearance in the trial court, actively participated and directed the litigation and requested affirmative relief from the court when it became apparent that plaintiffs sought to discover assets of the judgment debtor which he held. Personal jurisdiction over defendant was satisfied.

■ Defendant next contends that the judgment below is void because he and his wife were necessary parties. The requirement that necessary parties be joined in an action stems from basic notions of due process. (*In re Application of County Collector* (1977), 53 Ill. App. 3d 120, 368 N.E.2d 929.) As we have indicated, defendant received due process. Defendant contends his wife was a necessary party because the "creditor bill" which plaintiffs sought to file attempted to attach property belonging to both Larson and his wife. As we have noted, the trial court denied plaintiffs leave to file this pleading. Moreover, the money judgment entered below does not affect any purported property interest of defendant's wife. Hence, she is clearly not a necessary party.

■ Defendant counters that since he and his wife were forced to pledge their home as security for bond pending appeal this renders

his wife a necessary party. This argument is without merit. The filing of bond subsequent to judgment was a voluntary act. To the extent that defendant's wife, or any other third party, furnishes any or all of the security underlying the appeal bond, certain property rights may arise as between those parties; but that does not make them necessary parties to the appeal or to the underlying lawsuit since the third party commitment to furnish security for the bond is not only independent from the underlying judgment but could not arise until after final judgment was entered.

Defendant next contends that the trial court erred in entering judgment because there was no evidence that he retained any of the corporation's assets. At issue was the $580,000 in proceeds from the settlement between Pharmaco and certain defendants in a patent infringement suit. Defendant contended and plaintiffs agreed that $300,000 of that settlement did not constitute corporate assets. By agreement between defendant and the corporation's board of directors in 1980, defendant agreed to pay the expense of Pharmaco's lawsuit in return for one-half of the settlement.

It is the remaining $280,000 which Larson received which plaintiffs claim were properly assets of the corporation. Larson maintained that he had loaned the corporation $216,000. Among the exhibits was a promissory note dated September 4, 1978, executed by defendant's wife, as secretary of the Pharmaco Corporation, to defendant in the sum of $216,600 plus 11% interest "for value received." Defendant thereafter obtained a default judgment on this note against Pharmaco after serving only his wife, as an officer of the corporation, with process. After the default, defendant's wife executed a corporate assignment, dated September 14, 1981, of Pharmaco's remaining interest in the settlement of any of Pharmaco's lawsuits to the extent of the default judgment which had been entered on the promissory note she issued to defendant. Defendant maintained that subsequent to this "assignment" he presented the full facts of this series of transactions to the board of directors who, defendant maintained, by their acquiescence ratified these actions.

A corporate officer, particularly a director, has a duty not to make transactions on behalf of himself which are damaging to the corporation and profitable to him. The corporate official, as a beneficiary, has the burden of establishing the fairness of any transaction in which he acquired corporate assets. (*Libco Corp. v. Roland* (1981), 99 Ill. App. 3d 1140, 426 N.E.2d 309.) Here, defendant was chief executive officer as well as a director of the corporation. An officer or director cannot serve himself first by manipulating the affairs of the corporation to

the detriment of shareholders and creditors in disregard of the standards of common decency and honesty. (*Johnson v. Central Standard Life Insurance Co.* (1968), 102 Ill. App. 2d 15, 243 N.E.2d 376.) It is also unlawful for corporate directors to manipulate corporate property so as to pay their own claims against the company to the loss of creditors. (*Roseboom v. Whittaker* (1889), 33 Ill. App. 442, *aff'd* (1890), 132 Ill. 81, 23 N.E. 339.) When an officer breaches his fiduciary duty by wrongfully converting or misappropriating funds and thereby adversely affecting the relation between the corporation and its creditors, a creditor can maintain an action against the officer personally. *Circle Security Agency, Inc. v. Ross* (1981), 99 Ill. App. 3d 1111, 425 N.E.2d 1283.

■■ We conclude that the court below did not err in determining that the proceeds, received by virtue of the purported assignment to defendant executed solely by his wife after entry of a default judgment against the corporation in which only defendant's wife was served with process, were actually assets of the corporation. Since these funds were admittedly in defendant's possession, there was evidence to support the judgment.

■■ Defendant also contends that the calculation of interest on the judgment is erroneous because it amounts to prejudgment interest against him. He contends interest only runs from the entry of the citation judgment. Section 2—1303 of the Code of Civil Procedure allows for recovery of interest on judgment computed from the time the original judgment was entered. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1303.) As plaintiffs correctly note, defendant interposed no objection to plaintiffs' calculation of interest below. Accordingly, the issue might be considered waived. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 443 N.E.2d 575.) In any event, defendant's argument on this point is without merit. Interest was properly calculated from the entry of the default judgment against Pharmaco. Hence, the court was not awarding prejudgment interest on the citation judgment; rather, it was awarding post-judgment interest on the default judgment against the corporation.

■■ Defendant's final contention is that the interest computation is incorrect because it includes interest on interest. Plaintiffs concede this point and it is clear that Illinois law does not sanction compound interest on judgments. (*Lewis v. Stran-Steel Corp.* (1978), 58 Ill. App. 3d 280, 373 N.E.2d 714.) In his brief, defendant has offered a recalculation of interest at the proper noncompounded rate. Plaintiffs accept this calculation and although they argue that waiver should apply because defendant failed to object on this ground at trial, they agree to

a remittitur to reflect the correct amount of interest. Upon our consideration of this issue, we decline to apply the waiver doctrine and pursuant to our authority under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), we modify the judgment below by the entry of a remittitur to reflect an award of interest in the amount of $19,514.10.

Accordingly, for the reasons indicated, the judgment of the Champaign County circuit court is affirmed as modified.

Affirmed as modified.

WEBBER and MORTHLAND, JJ., concur.