GENE C. O'CONNELL *et al.*, Plaintiffs-Appellees, v. PHARMACO *et al.*, Defendants (Joan Larson *et al.*, Defendants-Appellants).

Fourth District Nos. 4—87—0514, 4—87—0515 cons.

Opinion filed December 23, 1987.—Rehearing denied January 26, 1988.

Robert G. Kirchner, of Greaves, Lerner & Kirchner, of Champaign, for appellants.

Phebus, Tummelson, Bryan & Knox, of Urbana (Jeffrey W. Tock, of counsel), for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:
On March 15, 1979, the circuit court of Champaign County en-

tered a judgment for rent and possession on behalf of the plaintiffs and damages of $34,384 against defendant Pharmaco. Citation proceedings commenced thereafter, and on August 6, 1985, a judgment was entered against defendant Roger Larson personally for $34,384 plus costs and interest. Larson appealed the judgment, which was affirmed by this court (*O'Connell v. Pharmaco, Inc.* (1986), 143 Ill. App. 3d 1061, 493 N.E.2d 1175, *cert. denied sub nom. Larson v. O'Connell* (1987), 479 U.S. 1091, 94 L. Ed. 2d 158, 107 S. Ct. 1303). Upon remand to the circuit court for execution of judgment, Larson filed a motion to vacate and enjoin the sale of his residence in satisfaction of the judgment. Following denial of his motion, Larson filed notice of interlocutory appeal. With consent of plaintiffs, the sale of property was stayed, pending the outcome of these proceedings.

On October 2, 1987, Larson filed a motion to be taken with the case. The motion to strike asserts waiver of plaintiffs' estoppel argument, *res judicata* with respect to the issue of setoff, and that certain evidence was improperly presented. We deny the motion to strike and shall address all issues raised.

Larson raises four issues on appeal: (1) whether the citation judgment entered on August 6, 1985, is void due to the death of one of the plaintiff judgment creditors; (2) whether Larson is entitled to a setoff against the citation and judgment; (3) whether the court properly allowed the introduction of exhibits to show plaintiffs were doing business as a joint venture; and (4) whether the court erred in not requiring interrogatories to plaintiffs to be sworn under oath. We affirm.

As this court has already affirmed the judgment against Larson (*O'Connell v. Pharmaco, Inc.* (1986), 143 Ill. App. 3d 1061, 493 N.E.2d 1175), only those facts pertinent to the specifics of this appeal shall be addressed.

In his motion to enjoin, Larson asserted the judgment entered on August 6, 1985, subsequent to citation proceedings, was void because of the prior death of plaintiff Gilbert J. Oberlin. Larson noted the original complaint and judgment entered in forcible entry and detainer on March 15, 1979, named the plaintiffs individually. There was no indication the plaintiffs were involved in any partnership or joint venture. Larson alleged the lease attached to the complaint was signed by each plaintiff individually. The judgment order entered likewise did not name any entity and was entered on behalf of the plaintiffs individually.

Larson asserted that plaintiff Oberlin died on December 14, 1980. Evidence indicated Oberlin's estate was opened on February 20, 1981,

and closed on December 23, 1983. On August 9, 1985, the plaintiffs, again named individually (including Oberlin), filed a "statement of interest due on judgment." The court was not at this time informed of plaintiff Oberlin's death and entered judgment on behalf of the plaintiffs as named. On September 10, 1985, however, Larson filed an appeal bond, which was drafted by the plaintiffs' attorneys, and named the plaintiffs individually, but substituted "the heirs and legatees of Gilbert J. Oberlin, deceased" for plaintiff Oberlin.

Based upon these allegations, Larson claimed the judgment was entered on behalf of a deceased plaintiff, thereby rendering it void. Since the court was not properly advised of Oberlin's death and since the executor of Oberlin's estate did not appear on behalf of the deceased, Larson maintained the judgment could not be enforced.

It is a bit disconcerting in reviewing a record which shows that an original judgment was entered March 17, 1979, that plaintiff Oberlin died December 14, 1980, that further proceedings were had with no suggestion of Oberlin's death by either plaintiffs or defendants, that a citation judgment was entered on August 6, 1985, and affirmed by this court, and now in post-judgment proceedings, the suggestion of death of Oberlin is made. Because of Larson's assertion the citation judgment is void, it is necessary to determine its merit.

On May 18, 1987, the first hearing on Larson's motion to enjoin commenced. Upon being informed of the death of Oberlin, the court ordered that interrogatories be sent to all plaintiffs to determine who was living. After discussion on the matter, the court allowed plaintiffs' attorney to verbally contact each plaintiff. The court did not require written answers or verification of any interrogatories. The court set the sale of Larson's property aside pending the discovery of evidence regarding the status of each plaintiff.

On June 7, 1987, the court convened to rule upon Larson's motion to enjoin as well as his motion to strike exhibits attached to the plaintiffs' response. In his motion to strike, Larson maintained the exhibits were irrelevant and improperly before the court. The exhibits included documents evidencing an intent on behalf of the plaintiffs to carry on business as a joint venture. The plaintiffs argued the death of one associate of a joint venture does not cause legal proceedings to abate, since the action survives as to the remaining associates. The court denied Larson's motion to strike and motion to enjoin based upon the existence of a joint venture.

On July 15, 1987, the court further clarified its ruling specifically noting:

"There are overtones of a joint venture in certain conditions as

set out in their agreement and they control here."

The court was concerned with expediting matters and additionally recognized that there had been no prejudice to the defendant, who knew of the judgment and the possible consequences when he placed his house up as collateral. As a result, the court denied the motion to enjoin.

In denying Larson's motion, the court ruled that section 2—1008(b) of the Code of Civil Procedure applies. The applicable provision provides:

"In the event of the death of a party in an action in which the right sought to be enforced survives only as to the remaining parties to the action, the action does not abate. The death shall be suggested of record and the action shall proceed in favor of or against the remaining parties." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1008(b).)

The court found evidence in support of the existence of a joint venture. Although the death of Oberlin was not suggested of record, the court deemed the judgment survived as to the remaining associates.

A joint venture is defined as an association of two or more persons to carry out a single enterprise for profit. (*Bachewicz v. American National Bank & Trust Co.* (1986), 111 Ill. 2d 444, 490 N.E.2d 680; *Pros v. Mid-America Computer Corp.* (1986), 142 Ill. App. 3d 453, 491 N.E.2d 851.) The existence of a joint venture is inferred from applicable facts and circumstances, with the intent of the parties being the most significant element. (*Pros v. Mid-America Computer Corp.* (1986), 142 Ill. App. 3d 453, 467-68, 491 N.E.2d 851, 861.) In general, the following elements are determinative of such an intent: (1) an express or implied agreement to carry out some enterprise; (2) manifestation of an intent to be associated as a joint venture; (3) a joint interest evidenced by the contribution of property, financial resources, effort, skill, or knowledge by each joint venturer; (4) some degree of joint proprietorship or mutual right to exercise control over the enterprise; and (5) a provision of the joint sharing of profits and losses. (*United Nuclear Corp. v. Energy Conversion Devices, Inc.* (1982), 110 Ill. App. 3d 88, 109, 441 N.E.2d 1163, 1177.) The question of whether a joint venture exists is ordinarily a question for the trier of fact. *Clapp v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 469, 484 N.E.2d 918.

The laws of partnership govern joint ventures, as a joint venture is essentially a partnership carried on for a single enterprise. (*Bachewicz v. American National Bank & Trust Co.* (1986), 111 Ill. 2d 444, 448, 490 N.E.2d 680, 682.) Thus, upon the death of one joint

venturer, his interest in the property of the joint venture vests in the surviving associates. (Ill. Rev. Stat. 1985, ch. 106½, par. 25(2)(d).) While the pleadings here do not refer to the plaintiffs as "Champaign Joint Venture" or make reference to the entity, this is the proper pleading form for a suit brought on behalf of a joint venture.

█ The original judgment entered found "defendant, Pharmaco, Inc., indebted to plaintiff for rent in the sum of THIRTY-FOUR THOUSAND THREE HUNDRED EIGHTY-FOUR AND NO/ONE HUNDRED DOLLARS ($34,384.00)." Although plaintiffs were named individually, there was no indication of a breakdown of the judgment. The court herein was provided with a copy of the joint venture contract, which clearly indicated an association of the individuals to carry on a single enterprise for profit. Plaintiffs also presented additional evidence in support of the existence of a joint venture. Once the court found sufficient evidence, it was clear Oberlin's death had no effect upon the proceedings. Pursuant to established principles of partnership law, Oberlin's interest in the judgment against Larson passed to the surviving joint venturers upon his death.

Based upon our finding of the existence of a joint venture, we see no need in addressing Larson's contentions of estoppel and joinder of necessary parties.

Larson next argues he is entitled to a setoff against the judgment entered on August 6, 1985. On September 8, 1981, in a separate proceeding, Larson obtained a judgment against Pharmaco, Inc., in the amount of $216,000. Larson now maintains this judgment should be set off against the plaintiffs' judgment since Larson's unsatisfied judgment against Pharmaco exceeds the amount of the plaintiffs' judgment.

In *O'Connell v. Pharmaco, Inc.* (1986), 143 Ill. App. 3d 1061, 493 N.E.2d 1175, we affirmed the plaintiffs' judgment against Larson in his personal capacity. We found that Larson's retention of Pharmaco's proceeds from settlement of another lawsuit entitled the plaintiff to such proceeds. Since Larson was found liable to the plaintiffs in a personal capacity, he cannot now assert Pharmaco is liable due to his outstanding judgment against Pharmaco. Evidence further indicates that although Larson testified to the existence of the judgment against Pharmaco during proceedings in 1985, there was never any formal motion for this judgment to be used as a setoff. During oral argument, attorney for Larson admitted that Larson did not raise this issue during the citation proceedings. Larson cannot now raise this setoff issue at the appellate level. The liabilities of the parties have already been established.

On June 25, 1985, the plaintiffs filed a memorandum of law which described the nature of plaintiffs' relationship and association as a joint venture. Attached to the memorandum was a series of exhibits which included the joint venture agreement and mortgage of the property purchased by the joint venture. Larson subsequently filed a motion to strike plaintiffs' exhibits arguing the exhibits were irrelevant to the proceedings and improperly presented to the court.

On July 7, 1987, following arguments on the matter, the court denied Larson's motion to strike. The court specifically noted that since this was a post-judgment proceeding, the parties had the right to file documents to show their status as a joint venture. Larson continues to assert the trial court erroneously considered these exhibits as evidence.

 The admission of evidence is within the sound discretion of the trial court and decisions will not be overturned absent an abuse of discretion. (*Cole v. Brundage* (1976), 36 Ill. App. 3d 782, 344 N.E.2d 583.) Evidence is relevant when it tends to prove a fact in controversy or renders the matter in issue more or less probable. *Lebrecht v. Tuli* (1985), 130 Ill. App. 3d 457, 473 N.E.2d 1322.

██ Upon filing a motion to enjoin execution of the judgment, Larson raised the issue of the relationship of the plaintiffs amongst themselves. At this point, it was within the sound discretion of the trial court to allow evidence on this issue. The plaintiffs were entitled to present evidence in support of the judgment. There was no abuse of discretion.

Subsequent to the initial proceedings on defendant's motion to enjoin, the court recognized the need to determine the status of each plaintiff. Noting time considerations, the court ruled that plaintiffs' counsel should speak with each plaintiff individually and then report his findings to the court. On appeal, Larson maintains the court erred in not requiring written interrogatories and sworn answers pursuant to Supreme Court Rule 213(c). 107 Ill. 2d R. 213(c).

Supreme Court Rule 213 provides that a party served with written interrogatories shall "file a sworn answer or an objection" within 28 days. (107 Ill. 2d R. 213(c).) Although Larson characterized the court's request for information as interrogatories, they were never treated as such by the trial court. The propriety of applying Supreme Court Rule 213 is thus questionable. The court, in attempting to ascertain the status of the plaintiffs, proposed the most efficient method of doing so. The alleged interrogatories were never presented to the plaintiffs in written form. Plaintiffs' attorney verbally contacted each plaintiff to ascertain which plaintiffs were alive and to obtain correct

mailing addresses. It is within the sound discretion of the trial court to waive procedural technicalities in obtaining necessary information in a prompt manner. There was no prejudice to Larson as a result of the court's actions and as such, there was no error.

Based on the foregoing, the decision of the circuit court is affirmed.

Affirmed.

LUND and KNECHT, JJ., concur.