RUSSELL JAPCZYK *et al.*, Plaintiffs-Appellants, v. GUST K. NEWBERG CONSTRUCTION COMPANY, Indiv. and d/b/a Newberg-Paschen, *et al.*, Defendants-Appellees (Tishman Midwest Management Company *et al.*, Defendants).

First District (3rd Division)   No. 1—90—1295

Opinion filed December 27, 1991.

Clifford W. Horwitz and Jay R. Luchsinger, both of Chicago, for appellants.

Steven B. Belgrade, John A. O'Donnell, and Daniel G. Wills, all of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Russell Japczyk and Leslie Japczyk, brought this action to recover damages for personal injuries sustained by Russell Japczyk against defendants, Gust K. Newberg Construction Co. (Newberg) and Paschen Contractors, Inc. (Paschen), both individually and d/b/a the Newberg-Paschen Joint Venture (joint venture). Plaintiffs also directly sued the joint venture, Tishman Midwest Management Co., and Spray Insulations, Inc. Defendants Newberg and the joint venture moved to dismiss the case pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). The trial court granted defendants' motion to dismiss. Plaintiffs now appeal.

The following issues are before this court for review: (1) whether plaintiffs properly served summons upon the joint venture and Newberg pursuant to section 2—205 of the Code of Civil Procedure (Ill.

Rev. Stat. 1987, ch. 110, par. 2—205); and (2) whether the trial court erred when it failed to rule that the joint venture agreement between Newberg and Paschen established a partnership between the parties. We affirm in part, reverse in part, and remand.

On December 9, 1985, Russell Japczyk, a construction worker, was allegedly injured while working on a construction site located at 20 North Canal Street in Chicago, Illinois. The general contractor engaged in construction on the site was the joint venture.

On July 1, 1987, plaintiffs filed this action in the circuit court of Cook County. Count I of the complaint alleges that defendants were negligent. Count II alleges loss of consortium on behalf of Leslie Japczyk, Russell's wife. On July 1, 1987, summons were issued and directed to Newberg, Paschen and the joint venture pursuant to section 2—205 of the Code of Civil Procedure. Ill. Rev. Stat. 1987, ch. 110, par. 2—205.

On May 25, 1988, plaintiffs voluntarily dismissed their initial complaint and filed a second complaint on June 8, 1988. Plaintiffs' second complaint is substantially similar to their first complaint. On July 7, 1988, summons were served on Paschen in its capacity both individually and doing business as the joint venture. This summons was returned to the office of the Cook County sheriff as having been personally served. On September 12, 1989, summons was also served upon Newberg and the joint venture.

On November 17, 1988, defendants Newberg and the joint venture filed a motion to dismiss plaintiffs' complaint with prejudice pursuant to Illinois Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). Defendants' motion alleged that service of process was not accomplished upon Newberg or the joint venture until 14 months after plaintiffs' initial complaint was filed and that this constituted lack of due diligence.

At the hearing on defendants' motion, plaintiffs argued that service had been effected upon both the joint venture and Newberg on July 7, 1987, when Paschen was served. Plaintiffs cited section 2—205 of the Code of Civil Procedure in support of their position. Plaintiffs argued that Newberg and the joint venture were properly served because Paschen had been served, Paschen was named as a defendant both individually and as a party to the joint venture, and because Paschen was Newberg's partner in the construction enterprise.

The trial court granted defendants' motion to dismiss on the grounds that plaintiffs did not exercise due diligence in serving Newberg and the joint venture. Plaintiffs filed a timely motion for reconsideration which was denied. This appeal followed.

First, plaintiffs contend that the trial court erred when it dismissed their complaint, because they properly served defendants Newberg and the joint venture pursuant to section 2—205 of the Code of Civil Procedure.

Section 2—205 of the Code of Civil Procedure contains the following relevant provision:

> "Service on partnership and partners. (a) A partnership sued in its firm name may be served by leaving a copy of the process with any partner personally or with any agent of the partnership found anywhere in the State. A partnership sued in its firm name may also be notified by publication and mail in like manner and with like effect as individuals.
>
> (b) When a personal judgment is sought against a known partner for a partnership liability the partner may be served (1) in any manner provided for service on individuals or (2) by leaving a copy of the summons for him or her with any other partner and mailing a copy of the summons in a sealed envelope with postage prepaid, addressed to the partner against whom judgment is sought at his or her usual place of abode as shown by an affidavit filed in the cause. The certificate of the officer or the affidavit of the other person making service that he or she has mailed the copy in pursuance of this section is evidence that he or she has done so." Ill. Rev. Stat. 1987, ch. 110, pars. 2—205(a), (b).

■ We will now turn our attention to the law which governs joint ventures. In Illinois, "[p]artnership principles govern joint ventures." (*Bachewicz v. American National Bank & Trust Co.* (1986), 111 Ill. 2d 444, 448, 490 N.E.2d 680, 682; see *Smith v. Metropolitan Sanitary District of Greater Chicago* (1979), 77 Ill. 2d 313, 318, 396 N.E.2d 524, 527; *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 438, 394 N.E.2d 380, 384; *O'Connell v. Pharmaco* (1987), 164 Ill. App. 3d 68, 72, 517 N.E.2d 688, 691-92; *Polikoff v. Levy* (1971), 132 Ill. App. 2d 492, 498, 270 N.E.2d 540, 546.) The Illinois Supreme Court has ruled that co-venturers in a joint venture have the same relationship to a joint venture as partners have to a partnership, and that joint ventures are subject to the Uniform Partnership Act (Ill. Rev. Stat. 1987, ch. 106½, pars. 1 through 43). *Smith*, 77 Ill. 2d at 318, 306 N.E.2d at 527; *Burtell*, 76 Ill. 2d at 438, 394 N.E.2d at 384.

■ Section 9(1) of the Uniform Partnership Act provides that "[e]very partner is an agent of the partnership for the purpose of its business." (Ill. Rev. Stat. 1987, ch. 106½, par. 9(1).) In addition, sec-

tion 12 of the Uniform Partnership Act contains the following relevant provision:

"Notice to any partner of any matter relating to partnership affairs, and the knowledge of the partner acting in the particular matter, acquired while a partner or then present to his mind, and the knowledge of any other partner who reasonably could and should have communicated it to the acting partner, operate as notice to or knowledge of the partnership ***." (Ill. Rev. Stat. 1987, ch. 106½, par. 12.)

(See *Federal Deposit Insurance Corp. v. Braemoor Associates* (1982), 686 F.2d 550, 556.) Consequently, a co-venturer's knowledge of any matter related to business acquired by the joint venture while the co-venturer is a member of the venture constitutes notice to the venture itself.

■ First, we find that plaintiffs in the present case properly served the joint venture. Paschen was sued in the name of the Newberg-Paschen joint venture, of which it was a co-venturer and a representative. Paschen was served in accordance with section 2—205 of the Code of Civil Procedure, which provides that a partnership or joint venture sued in its firm name may be served by leaving a copy of the process addressed to the entity against whom the judgment is sought with any partner or co-venturer or with any agent of the partnership or venture found in the State. (Ill. Rev. Stat. 1987, ch. 110, par. 2—205; see *Sullivan Realty Organization, Inc. v. Syart Trading Corp.* (1979), 68 A.D.2d 756, 759, 417 N.Y.S.2d 976, 978; *John's, Inc. v. Island Garden Center of Nassau, Inc.* (1966), 49 Misc. 2d 1086, 1090, 269 N.Y.S.2d 231, 236.) Therefore, in serving Paschen, a partner in the joint venture sued in its firm name, plaintiffs also served the joint venture. Accordingly, we rule that the trial court erred when it dismissed plaintiffs' complaint against the joint venture, and we reverse the trial court's grant of defendants' motion to dismiss plaintiffs' complaint against the joint venture, and we remand this cause for an adjudication on the merits.

■ Second, we find that Newberg was not properly served pursuant to section 2—205(b) of the Code of Civil Procedure because the summons which was served on Paschen in its capacity both individually and doing business as the joint venture did not name Newberg. Accordingly, we affirm the trial court's dismissal of plaintiffs' complaint against Newberg, and we affirm the trial court's grant of defendants' motion to dismiss the complaint against Newberg.

Plaintiffs finally contend that the trial court erred when it failed to rule that the joint venture agreement between Newberg and

Paschen established a partnership between them. In light of our finding above, it is not necessary for us to address this issue.

For the foregoing reasons, the judgment of the circuit court is affirmed in part, reversed in part, and remanded for an adjudication of plaintiffs' complaint against the remaining defendants.

Affirmed in part; reversed in part and remanded.

GREIMAN and TULLY, JJ., concur.