THEODORE CHABRAJA, Plaintiff-Appellant, v. RICHARD J. MARTWICK *et al.*, Defendants-Appellees (The County of Cook *et al.*, Nominal Defendants-Appellees).

First District (6th Division)   No. 1—92—0078

Opinion filed June 25, 1993.

Krislov & Associates, Ltd. (Clinton A. Krislov and Jonathan Nachsin, of counsel), and Fumagalli & Tecson, Ltd. (Daniel J. Fumagalli, of counsel), both of Chicago, for appellant.

Mayer, Brown & Platt, of Chicago (Tyrone C. Fahner, Herbert L. Zarov, and Anne K. Lewis, of counsel), for appellees.

JUSTICE GIANNIS delivered the opinion of the court:

In this taxpayer derivative suit Theodore Chabraja, plaintiff-appellant (plaintiff), appeals a circuit court order dismissing all claims against defendant-appellee, Amalgamated Trust and Savings Bank (Bank), pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). The circuit court determined that plaintiff's pleadings were insufficient to state a cause of action against the Bank under various theories related to the Public Funds Deposit Act (the Deposit Act or Act) (Ill. Rev. Stat. 1989, ch. 102, par. 34 *et seq.*). Pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), the circuit court expressly found that there was no reason to delay appeal of the circuit court's order. The sole issue for our consideration, therefore, is whether any of the three counts against the Bank asserted in plaintiff's complaint state a cause of action.

When "public funds" are not "needed for immediate disbursement," the Deposit Act requires the Cook County school superintendent, as a "custodian of public funds," to invest such funds "within 2 working days at prevailing rates or better." (Ill. Rev. Stat. 1989, ch. 102, par. 34.) Each count of plaintiff's five-count complaint relates to this statutory obligation. Counts I and II are against the Cook County school superintendent (Superintendent). Count I seeks to impose liability upon the Superintendent, derivatively on behalf of Cook County, for maintaining a non-interest-bearing account in violation of the Deposit Act. Count II seeks to impose liability under a breach of fiduciary duty theory in connection with the Superintendent's maintenance of such an account. Counts I and II are not at issue in this appeal.

Counts III, IV and V are brought by plaintiff against the Bank alone. Count III alleges that the Bank violated the Deposit Act by maintaining a non-interest-bearing account on behalf of the Superintendent. Count IV alleges participation by the Bank in the Superintendent's breach of a fiduciary duty to Cook County stemming from the Bank's maintenance of the non-interest-bearing account. Count V alleges that the Bank was unjustly enriched to the extent it failed to pay interest on the disputed account. Plaintiff sought to compel the

Superintendent and the Bank to account for lost interest and sought an order compelling the Superintendent to comply in the future with the provisions of the Act.

The circuit court granted the Bank's motion to dismiss counts III, IV and V on grounds that these claims failed to state a cause of action. The court determined that the Bank owed neither statutory nor fiduciary duties to plaintiff or to Cook County. Specifically, count III was dismissed because the circuit court believed that the Deposit Act imposed a statutory duty upon the Superintendent only, and not upon those depository institutions in which the Superintendent chose to deposit public funds. Count IV was dismissed because the circuit court determined no fiduciary duties existed between the Bank and the Superintendent and because plaintiff failed to allege that the Bank induced the Superintendent to act improperly. Count V was dismissed when the circuit court determined that "unjust enrichment" was not an independent cause of action in Illinois.

The central issue presented is whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. (See, *e.g., Burdine v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504.) The Code of Civil Procedure provides that pleadings are to be liberally construed to achieve substantial justice between the parties. (Ill. Rev. Stat. 1991, ch. 110, par. 2—603(c).) An action should not be dismissed on the pleadings for failure to state a cause of action unless it clearly appears that no set of facts could be proved which would entitle the plaintiff to relief. (*DiBenedetto v. Flora Township* (1991), 219 Ill. App. 3d 1091.) A motion to dismiss a complaint for failure to state a cause of action admits all facts well pleaded together with all inferences which could be drawn from the facts. *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320.

Each of the three counts at issue involves section 1 of the Deposit Act, which states:

> "Any treasurer or other custodian of public funds may deposit such funds in a savings and loan association or State or national bank in this State. When such deposits become collected funds and are not needed for immediate disbursement, they shall be invested within 2 working days at prevailing rates or better." Ill. Rev. Stat. 1989, ch. 102, par. 34.

Because depository institutions such as the Bank are not "treasurers" or "custodians of public funds" under the Act, count III fails to present a legally sufficient cause of action. The provisions of the Act itself make a clear distinction between two specific types of

entities: "savings and loan association[s] or State or national bank[s]" and "treasurer[s] or other custodian[s] of public funds." While count I of plaintiff's complaint alleges that the Superintendent is a custodian of public funds, the same allegation cannot be made against the Bank in count III. Therefore, count III is legally insufficient.

With regard to count IV, plaintiff's "participation" claim, plaintiff argues that the Superintendent is a public official charged as a fiduciary with respect to monies collected in the performance of his duties. (*County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 628.) Plaintiff argues that section 1 of the Deposit Act serves to expand the scope of the Superintendent's fiduciary obligations by requiring that public funds subject to the Act accumulate interest. As the supreme court itself has stated, "This legislation represents another step in the process of eliminating the practice of placing public funds in non-interest-bearing accounts, a formerly existing and troubling practice." (*Town of City of Peoria v. O'Connor* (1981), 85 Ill. 2d 195, 204-05.) The Deposit Act thus implemented an "explicit legislative intent that public funds should be deposited in income-producing fashion." *O'Connor*, 85 Ill. 2d at 206.

■ Count IV, however, seeks not to hold the Superintendent liable for breaching a fiduciary duty, but rather, the Bank for "participating" in a breach of trust by the Superintendent. As recognized in *People ex rel. Daley v. Warren Motors, Inc.* (1986), 114 Ill. 2d 305, 318-19, "[a] constructive trust may be imposed upon benefits obtained by a third person through that person's knowledge of or involvement in a public official's breach of a fiduciary duty." (See also *Conant v. Karris* (1987), 165 Ill. App. 3d 783, 790-91 ("[a] third party who participates in a breach of a fiduciary's duty of loyalty, or knowingly accepts any benefit from such a breach, becomes directly liable to the aggrieved party"); *Village of Wheeling v. Stavros* (1980), 89 Ill. App. 3d 450, 454 ("[a] constructive trust may be imposed upon benefits obtained by a third person through his knowledge of or involvement in a public official's breach of a fiduciary duty," citing *Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555).) The Bank does not deny the general proposition that liability may be premised upon a defendant's "participation" in a fiduciary's breach of trust. The Bank notes, however, that the participation theory of recovery has been broken into two distinct elements: (1) an act or omission which furthers or completes the breach of trust by the trustee; and (2) knowledge at the time that the transaction amounted to a breach of trust, or the legal equivalent of such knowledge. G. Bogert, Trusts & Trustees §901, at 258-59 (2d ed. 1982) (hereinafter cited as Bogert).

The Bank argues that those cases that have held a defendant liable under a participation theory of liability have all involved defendants who have *actively* participated in the breach, either by paying a bribe, colluding, or misusing confidential information. For example, in *People ex rel. Daley v. Warren Motors, Inc.* (1986), 114 Ill. 2d 305, the defendant was alleged to have participated by bribing another to reduce property taxes. In *Conant v. Karris* (1987), 165 Ill. App. 3d 783, the defendant participated by misusing information he knew to be confidential to enable him to purchase a parcel of property. In *Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 564, "defendants intentionally and deliberately induced [the] breach of fiduciary duty by means of bribery." And in *Village of Wheeling v. Stavros* (1980), 89 Ill. App. 3d 450, 455, the third party was "charged with inducing and participating in a scheme whereby he caused certain village officials to breach their fiduciary duty to the public." Because we do not believe the mere act of accepting a deposit can amount to an "act or omission which furthers or completes the breach of trust by the trustee" (see Bogert, at 258-59), we reject plaintiff's claim that the Bank has somehow "participated" in the Superintendent's alleged breach.

■ With regard to count V, plaintiff's unjust enrichment claim, plaintiff argues that he is entitled to the imposition of a constructive trust against the Bank. However, some form of wrongful or unconscionable conduct is a prerequisite to the imposition of a constructive trust (*Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 293), and plaintiff has pointed to no such conduct by the Bank here.

Finally, we note that the appellate court, in *McKay v. Kusper* (1993), 252 Ill. App. 3d 450, 462-63, recently decided identical questions raised by plaintiff in a lawsuit also involving the Bank. The *McKay* court affirmed the dismissal of each of the counts which correspond to the counts now at issue. We agree with the conclusions reached by the court in *McKay*.

Affirmed.

McNAMARA, P.J., and RAKOWSKI, J., concur.