SAMUEL W. TEIL, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—94—2278

Opinion filed August 28, 1996.—Rehearing denied November 6, 1996.

William J. Harte, Joseph E. Tighe, and Joan M. Mannix, all of Chicago, for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Meera Werth, Assistant Corporation Counsel, of counsel), for appellees.

PRESIDING JUSTICE TULLY delivered the opinion of the court: Plaintiff, Samuel W. Teil, appeals from an order of the circuit court of Cook County affirming a decision of the Police Board of the City of Chicago (Board) to suspend him for one year because he violated several rules promulgated by the Chicago police department (Department). Jurisdiction is vested in this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6), section 3—112 of the Code of Civil Procedure (735 ILCS 5/3—112 (West 1994)) and Supreme Court Rule 301 (155 Ill. 2d R. 301).

For the reasons that follow, we affirm.

## FACTUAL BACKGROUND

On September 9, 1992, the Board conducted a hearing to determine whether plaintiff had violated six rules of the Department. The charges arose from a complaint filed by Beth Ann Roberts, who alleged that during a traffic altercation plaintiff verbally abused her by calling her a bitch, physically threatened her when he said he was going to "kick her ass," and committed aggravated assault when he pointed his gun at her neck and threatened to kill her.

At the hearing before the Board, Paul Winesberry, a correctional officer who was a passenger in Roberts' vehicle on the day of the incident, testified along with Roberts that Roberts' pickup truck was going southbound on Halsted Street. At the intersection of Halsted and Roosevelt Road, plaintiff's car was the first vehicle in the left lane and Roberts' truck was the first vehicle in the right lane. As they proceeded into the intersection, Roberts tried to drive ahead of plaintiff because it was her turn to merge. Plaintiff then entered into the northbound lane, swerved back into the southbound lane, slammed his brakes and stopped his car in the middle of the street. Plaintiff left his car and swiftly walked to the driver's side of the truck, claiming that Roberts almost hit his car and calling her "fucking bitch and bitch this and bitch that." Roberts remained in the truck and told plaintiff she did not hit his car. Plaintiff then told Roberts that he was a police officer and that he was going to "kick her ass" before taking her to the station. Winesberry did not see from where plaintiff pulled his badge or to where he returned it. Plaintiff reached into his bicycle pouch, took out a gun and pointed it at Roberts' neck while threatening to kill her. Roberts then asked plaintiff as to why he was pointing a gun at a defenseless individual. Winesberry left the truck and walked towards the plaintiff, identifying himself as a correctional officer, and asked plaintiff why he was calling Roberts a bitch and holding a gun to her head. Plaintiff eventually lowered his gun, but he did not put it away. Plaintiff returned to his car and drove away without checking his car for any damage. Winesberry returned to the truck. During this altercation, the street was crowded with people who witnessed the incident. Roberts then filed a complaint with the Department against plaintiff.

Plaintiff testified that at the time of the incident, he was off duty so he was wearing a pair of jeans, an unbuttoned shirt over a t-shirt, a holster attached to his belt which contained his "off-duty" weapon, and a bicycle pouch for his keys and identification. He was driving south on Halsted Street in Chicago with Betty Scott when he stopped his car at a light at the intersection of Halsted Street and Roosevelt Road. His car was the first car in the left southbound lane on Hal-

sted, and another car was stopped in the right southbound lane. After the light changed, plaintiff proceeded into the intersection and allowed the car to his right to merge ahead of him because Halsted turned into one lane south of Roosevelt Road. After the car merged ahead, a pickup truck driven by Roberts tried to merge in front of his car, forcing him into northbound traffic. In order to avoid an accident, he had to accelerate and pull in front of Roberts' truck. In doing so, he thought the truck made contact with the right fender of his car, so he stopped his car and walked to Roberts' truck. He told Roberts that she did not have the right-of-way. Roberts responded "fuck you." Plaintiff asked Roberts why she was acting like a "bitch" because he simply wanted to check his car for damage. The passenger in Roberts' truck, Paul Winesberry, then threatened him, got out of the truck and walked towards him. Plaintiff advised Roberts and Winesberry that he was an off-duty police officer, and he could call a squad car to the scene. After he showed Roberts and Winesberry his identification, Winesberry returned to the passenger side of the truck. Plaintiff then walked to the back of his car and was unable to detect the damage, if any, to his car, so he did not fill out an accident report. Plaintiff maintained that he never removed his revolver from its holster or threatened Roberts in any way. He only referred to Roberts as a "bitch" after she swore at him. Betty Scott, who remained in the car the entire time, testified that she did not see plaintiff remove his gun from its holster.

Three character witnesses testified at the hearing as to plaintiff's good reputation and his ability to handle difficult situations.

On March 22, 1993, the Board issued its finding, concluding that plaintiff was guilty of all charges. The circuit court affirmed the Board's finding, noting that it was not contrary to the manifest weight of the evidence.

## ISSUE PRESENTED FOR REVIEW

On appeal, plaintiff contends that the circuit court erred because the Board's finding was contrary to the manifest weight of the evidence.

## OPINION

Plaintiff first contends that the charges against him were not proved. Plaintiff argues that since the gravamen of the alleged misconduct consisted of a crime, namely the aggravated assault, the burden of proving the charges against him is by clear and convincing evidence. Plaintiff claims that even if the burden is to be determined by the preponderance of the evidence, the proof failed to satisfy this lesser burden. We disagree.

■ The standard of proof in an administrative proceeding is determined by balancing the private interests affected by the proceeding, the countervailing governmental interests and the risk of error created by the State's chosen procedure. *Board of Education v. State Board of Education*, 113 Ill. 2d 173, 190-91 (1986); *Martin v. Thompson*, 195 Ill. App. 3d 43, 48 (1990). In a proceeding against a police officer, the preponderance of the evidence standard applies even if criminal conduct is involved. *Clark v. Board of Fire & Police Commissioners*, 245 Ill. App. 3d 385, 392 (1993); *Martin*, 195 Ill. App. 3d at 48; *Schlobohm v. Rice*, 157 Ill. App. 3d 90, 96 (1987). Therefore, the Board applied the proper standard of proof when it found plaintiff's conduct was established by the preponderance of the evidence.

In support of his proposition that the proper burden is clear and convincing evidence, plaintiff relies on *Shallow v. Police Board*, 95 Ill. App. 3d 901 (1981). This case, however, is distinguishable because the standard of proof was not at issue, the parties agreed that the proper burden was clear and convincing (*Shallow*, 95 Ill. App. 3d at 908), and this case was decided several years before our supreme court's decision in *Board of Education v. State Board of Education*, 113 Ill. 2d 173 (1986).

■ Next, plaintiff contends that the finding of the Board with regard to his guilt is against the manifest weight of the evidence. Plaintiff cites numerous examples in an attempt to discredit the testimony of Winesberry, including the following: at the hearing, Winesberry testified that plaintiff pulled his gun from his bicycle pouch where there was evidence to indicate that the gun did not fit in the bicycle pouch; that Winesberry was able to exit the truck and approach plaintiff when he had his gun; that Roberts effectively taunted plaintiff rather than appease him when she had a gun to her head; Roberts and Winesberry failed to obtain information from any witnesses; and discrepancies existed between the testimony Winesberry gave at the hearing and the statement he made to the investigating detective. However, it is the responsibility of the administrative agency to weigh the evidence, determine the credibility of witnesses and resolve conflicts in testimony. See, *e.g.*, *Nichols v. Department of Employment Security*, 218 Ill. App. 3d 803, 809 (1991). Here, we see no reason to disturb the Board's determination.

In reviewing the decision of an administrative body, this court begins from the presumption that an agency's findings of fact are *prima facie* true and correct. 735 ILCS 5/3—110 (West 1994). The standard of review employed by this court is whether the finding of the agency is against the manifest weight of the evidence, and it is

not to reweigh the evidence or make an independent finding on the facts. *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88 (1992). An agency's finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident. *Abrahamson*, 153 Ill. 2d at 88. A reviewing court is not justified in reversing a finding made by an agency if it finds that the opposite conclusion is reasonable or it might have ruled differently. *Abrahamson*, 153 Ill. 2d at 88. If the evidence in the record supports the finding of the agency, then it should be affirmed. *Abrahamson*, 153 Ill. 2d at 88.

In the case *sub judice*, we find that the Board's finding was not against the manifest weight of the evidence. It was uncontroverted that plaintiff drove in front of Roberts' truck, stopped his car, left his car and accused Roberts of hitting his car. In addition, plaintiff conceded that he referred to Roberts as a "bitch" and that he had a gun in his possession. Moreover, Winesberry testified that plaintiff verbally threatened Roberts, physically threatened her and committed aggravated assault against Roberts. Since the evidence in the record supports the finding of the Board, the finding must be affirmed.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CERDA and GREIMAN, JJ., concur.