In re JOHN DAWSON &
ASSOCIATES, INC.,
Debtor.

J. William Holland, Trustee for the liquidation of the business of John Dawson & Associates, Inc., Plaintiff,

v.

Peter Cho, Simon Chong, Douglas Samuels, Ravi Yanamadula and Usha Nuthi, Defendants.

Nos. 99 A 00536, 01 A 00337.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Nov. 28, 2001.

John Landis, Foley & Lardner, Chicago, IL, for Plaintiff.

Joseph Duffy, Stetker & Duffy, Ltd., for Defendants.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter comes before the court on the motion of defendant Usha Nuthi ("Nuthi") to dismiss the complaint on the grounds that it fails to state a claim against her. J. William Holland ("Trustee"), trustee for the liquidation of the business of John Dawson & Associates, Inc. ("Debtor") alleges that Nuthi acted in collusion with the other defendants in their breaches of fiduciary duty and that she participated in and induced the breaches of fiduciary duty by permitting and accepting transactions between her customer account and the Debtor's proprietary account. The Trustee further alleges that Nuthi accepted the benefits of the transactions and is under a duty of restitution to the Debtor's estate. Nuthi argues that no fiduciary duty was breached.

## Background

On April 13, 1999, the United States District Court for the Northern District of Illinois, Eastern Division, upon application of the Securities Investor Protection Corporation ("SIPC"), entered a decree order for the liquidation of the Debtor in accordance with the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"). Pursuant to § 78eee(b)(4) of SIPA, the District Court removed the liquidation proceeding to this court. Pursuant to § 78fff(b) of SIPA, the liquidation proceeding is being administered as though it were a case under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

Prior to October 6, 1998 the Debtor was a registered broker/dealer located in Chicago, Illinois engaged in the purchase, sale and trading of securities to and on behalf of its own accounts (the "Proprietary Accounts") as well as the accounts of its customers (the "Customer Accounts"). The Debtor maintained a bank account at American National Bank and cleared its securities and options transactions through its clearing broker, Bear Stearns Securities Corporation. The Debtor was a member of SIPC and the National Association of Securities Dealers ("NASD") and was registered with the Securities and Exchange Commission ("SEC"). On October 6, 1998 the Debtor reported to the NASD that it was in violation of its net capital requirements and it ceased operations.

Pursuant to the decree order, J. William Holland was appointed the SIPA trustee. Under § 78fff-1 of SIPA, the Trustee is charged with the same duties as a trustee in a case pending under chapter 7 or under chapter 11 of the Bankruptcy Code.

According to the Trustee, defendants Peter Cho, Simon Chong, Douglas Samuels and Ravi Yanamadula were owners, officers and directors of the Debtor. It is alleged that Yanamadula served as a registered representative, Vice-President and Head of Trading of the Debtor. The Trustee alleges in the complaint that Nuthi maintained two Customer Accounts with the Debtor during the period July 1995 to October 1998, an account in her own name and an account held jointly with her husband Yanamadula. It is further alleged that Yanamadula was the designated account executive for both accounts. It is also alleged that in or about February 1998 Yanamadula was terminated and a Form U-5 indicating his termination was prepared and submitted to the SEC and NASD. Nevertheless, it is alleged, Yanamadula continued to exercise control and authority over the Proprietary Accounts and certain Customer Accounts.

The Trustee alleges that, upon information and belief, by at least December 1997 the Debtor was insolvent. He alleges that there were breaches of fiduciary duty, fraudulent transfers and manipulative options and securities transactions committed by defendants Cho, Chong, Samuels and Yanamadula. Relevant here are the allegations that transactions were conducted by Yanamadula between the Proprietary Accounts and Nuthi's Customer Account that were advantageous to Nuthi and depleted the Debtor's assets after the Debtor was insolvent. The Trustee details trades from January 1998 through May 1998 that resulted in profits for Nuthi's Customer Account and a Proprietary Account. The Trustee alleges that Nuthi acted in collusion with the other defendants to breach their fiduciary duties to the Debtor and that she knowingly participated in and induced the breaches of fiduciary duty by permitting and accepting transactions between her Customer Account and the Proprietary Account. The Trustee further alleges that Nuthi knowingly accepted the benefits of the transactions and is under a duty of restitution to the Debtor's estate.

Nuthi's response to the complaint is this motion to dismiss for failure to state a claim against her. She argues that the trades between her Customer Account and the Proprietary Account did not constitute a breach of fiduciary duty because broker-dealers like the Debtor engage in such trades every day at market prices. The fact that the trades were profitable to Nuthi and a loss to the Debtor does not constitute a breach of fiduciary duty and therefore, Nuthi could not have colluded in a breach of fiduciary duty.

The Trustee responds that the trades constituted a breach of fiduciary duty because the Debtor was insolvent when the trades were made and that an officer or director of an insolvent corporation owes a fiduciary duty to the corporation's creditors to preserve the corporate assets and refrain from self-dealing. In her reply, Nuthi argues that fair trades made at market prices are not self-dealing.

## Discussion

Generally, the federal system of notice pleading does not favor dismissal for failure to state a claim. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988); *Wright v. International Business Machines Corp.*, 796 F.Supp. 1120, 1124 (N.D.Ill.1992). The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint rather than to decide the merits of the case. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459 (7th Cir.1993), cert. denied, 510 U.S. 1012, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993); *NPF WL, Inc. v. Sotka*, 2000 WL 574527 at *2 (N.D.Ill.2000). Dismissal is not appropriate unless the plaintiff can prove no set of facts in support of its claim that would entitle it to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Illinois Health Care Ass'n v. Illinois Dept. of Health*, 879 F.2d 286, 288 (7th Cir.1989); *Wright v. International Business Machines Corp.*, 796 F.Supp. 1120. When deciding a motion to dismiss for failure to state a claim the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Horton v. Marovich*, 925 F.Supp. 532 (N.D.Ill.1996).

Under Illinois law, a cause of action may lie against one who has "participated" in a breach of another's fiduciary duty. *See Chabraja v. Martwick*, 248 Ill.App.3d 995, 188 Ill.Dec. 230, 618 N.E.2d 800 (1st Dist. 6th Div.1993). *See also Shapo v. Engle*, 1999 WL 1045086 at *19 (N.D.Ill. 1999). For the purposes of this motion, Nuthi concedes this issue.

Illinois law also recognizes that corporate officers and directors have a fiduciary duty to the corporation's creditors when the corporation becomes insolvent. *Worldcom Network Service, Inc. v. Jenkins,* 2000 WL 1154622 (N.D.Ill.2000); *Technic Engineering, Ltd. v. Basic Envirotech, Inc.,* 53 F.Supp.2d 1007, 1011 (N.D.Ill.1999). "[T]he moment a corporation becomes insolvent ... the assets of the corporation must then be regarded as a trust fund for the payment of all its creditors and the directors occupy the position of trustees and fiduciaries." *Technic Engineering,* 53 F.Supp.2d at 1011 (quoting *Coleman v. Howe,* 154 Ill. 458, 467, 39 N.E. 725, 727 (1895)).

Nuthi argues that the Trustee's cause of action against her consists of the fact that the market price of the securities happened to increase after Yanamadula caused her Customer Account to purchase them from the Proprietary Account and that this does not constitute a breach of fiduciary duty. She argues that fair trades made at market prices cannot be deemed to be self-dealing. She never addresses however whether a fiduciary should be conducting trades between his insolvent corporation's house account and his wife's account at all.

Accepting the Trustee's factual allegations as true for the purposes of this motion, this court concludes that the Trustee has stated a claim against Nuthi. If the Debtor was insolvent prior to 1998, then Yanamadula had a fiduciary duty to the corporation's creditors. The assets of the corporation, including the res of the Proprietary Account, should have been held in trust for the corporation's creditors. At the very least, the propriety of conducting trades between the Proprietary Account and Yanamadula's wife's account was questionable. If Nuthi participated in her husband's breach of his fiduciary duty, then she must be made to account for the funds lost to the Debtor's creditors.

## Conclusion

For the foregoing reasons, Nuthi's motion to dismiss will be denied.